# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX

December 30, 2021

Stephen F. Shea, Esq.                        Gabriel Deadwyler, Esq.
Shea Disability Litigation                   Special Assistant United States Attorney
8730 Georgia Avenue, Suite B100              Social Security Administration
Silver Spring, MD 20910                      6401 Security Blvd., Room 617
                                             Baltimore, MD 21235

LETTER OPINION TO COUNSEL

      Subject:    *Karin D. v. Kijakazi, Acting Commissioner of Social Security*[1]
                     Civil No. GLS 20-3034

Dear Counsel:

      Pending before this Court are cross-motions for summary judgment. (ECF Nos. 14, 19). The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

## I.    BACKGROUND

      Plaintiff filed a Title II Application for Disability and Disability Insurance Benefits on May 8, 2017, alleging that her disability began on May 4, 2017. (Tr. 17). Her claim was initially denied on September 15, 2017, and upon reconsideration on December 19, 2017. (Tr. 67, 79). Plaintiff's request for a hearing was granted and the hearing was conducted on October 24, 2019, before an Administrative Law Judge ("ALJ"). (Tr. 31). On November 29, 2019, the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (Tr. 26).

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration, and is hereby substituted as a party consistent with Fed. R. Civ. P. 25(d).

*Karin D. v. Kijakazi*
Civil No. GLS 20-3034
December 30, 2021
Page 2

## II.    ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a).  *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings").  If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC").  A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two."  *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)).  Also, at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments.  Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v).

At steps one through four, it is the claimant's burden to show that she is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled.  *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above.  (Tr. 17-25).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 4, 2017, the alleged onset date of Plaintiff's disability.  (Tr. 19).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: right carpal tunnel syndrome, Achilles(sic), obesity, rheumatoid arthritis, cervical spine spondylosis, history of left rotator cuff tear, and mild osteoarthritis right knee.  (Tr. 19).  The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's

*Karin D. v. Kijakazi*
Civil No. GLS 20-3034
December 30, 2021
Page 3

ability to perform basic work activities as required by SSR 85-28. (Tr. 19). However, at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 20-21). Taking into account Plaintiff's severe impairments, the ALJ next assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work as defined in 20 C.F.R. 404.1567(b) except: with frequent handling with the right upper extremity, no ladders, ropes, or scaffolds, unprotected heights, hazardous machinery, commercial driving, occasional climbing, crouching, crawling, stooping, and kneeling, and occasional overhead reaching with the left non-dominant upper extremity.

(Tr. 21). A hearing was held, where a vocational expert ("VE") testified about whether a hypothetical person with the same age, education, and work experience as the Plaintiff with her RFC could perform Plaintiff's prior work. (Tr. 51-52). The VE testified that this hypothetical individual could perform only light work, not heavy work as the Plaintiff had performed in the past. The VE opined that only light work as a small parts assembler, inspector, hand packager, and laundry folder would be feasible. (Tr. 53). After crediting the VE's opinion, the ALJ ultimately determined that Plaintiff was not disabled. (Tr. 25-26).

## III.   DISCUSSION

In requesting summary judgment, Plaintiff asserts that the ALJ's decision is not supported by substantial evidence for the following reasons: (1) the ALJ applied an erroneous standard in evaluating her subjective complaints; (2) the ALJ erroneously assessed her RFC contrary to the applicable regulations, and failed to properly perform a function-by-function assessment of Plaintiff's ability to perform the physical and mental demands of work. (ECF No. 14-1, pp. 3-18). The SSA counters that: (1) the ALJ properly evaluated Plaintiff's subjective complaints based on all of the evidence; and (2) the ALJ's RFC assessment was well supported and based on all relevant evidence of record. (ECF No. 19-1, pp. 5-13). I find persuasive Plaintiff's argument regarding the ALJ's failure to evaluate her subjective complaints. Accordingly, I find remand appropriate, for the reasons set forth below.

Regarding the first issue, Plaintiff Karin D. contends that the ALJ effectively required her to substantiate the intensity, persistence, and limiting effects of her subjective complaints of pain by providing objective medical evidence. (ECF No. 14-1, p. 17). Plaintiff also implies that the ALJ further erred by discrediting the Plaintiff's subjective complaints as inconsistent with her activities of daily living. (ECF No. 14-1, p. 18).

When evaluating a claimant's symptoms, an ALJ must follow a two-step evaluation process. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016); 20 C.F.R. §404.1529. The ALJ must first "consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms." *Id.* at

*Karin D. v. Kijakazi*
Civil No. GLS 20-3034
December 30, 2021
Page 4

*2.  At this step, the ALJ considers whether objective medical evidence exists to support the conclusion that an impairment exists.  *Id.*  Next, at step two, after finding a medically determinable impairment, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." *Id.*  In evaluating the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ is not required to find objective medical evidence to find that a claimant is disabled because "symptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques."  2016 WL 1119029, at *4.  The claimant is not required to present objective evidence at this step.  *Id.*  In sum, the two-step process requires the ALJ to consider the entire case record and must "not disregard [a claimant's] statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them.  *Arakas v. Comm'r, Soc. Sec. Admin*, 983 F.3d 83, 95 (4th Cir. 2020) (alteration in original) (citations omitted).  Finally, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, [and] be consistent with and supported by the evidence."  2016 WL 1119029, at *9.

*Arakas*, *supra*, is instructive.  In *Arakas,* the Fourth Circuit found the ALJ erred by increasing the claimant's burden of proof by discrediting the claimant's subjective complaints regarding the severity, persistence, and limiting effects of her symptoms.  453 F.3d at 96.  The Fourth Circuit held that the claimant was entitled to rely exclusively on subjective complaints to prove that her symptoms were so severe as to prevent her from working a full eight-hour day.  *Id.* Accordingly, remand was required.  Thus, *Arakas* stands, in part, for the proposition that a claimant is entitled to rely exclusively on subjective evidence to prove the severity, persistence, and limiting effects of her symptoms.  *Id.* at 96.

Similarly, in *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006), the Fourth Circuit found that an ALJ erred by refusing to credit the claimant's subjective statements regarding her debilitating pain because the claimant's medical records did not support her complaints.  *Id.* at 564.  Thus, *Hines* also stands for the proposition that once a claimant has shown a condition that could reasonably cause the pain claimed, the claimant is entitled to rely exclusively on subjective evidence to prove the severity, persistence, and limiting effects of his or her symptoms.

Additionally, in *Stoker v. Saul*, 833 Fed. App'x 383 (4th Cir. 2020), the Fourth Circuit found that an ALJ erred by rejecting the claimant's subjective statements because they were unsupported by objective medical evidence.  The Fourth Circuit explained that if the objective medical evidence fails to support the claimant's statements, the ALJ "must make a finding on the credibility of the individual's statements based on a consideration of the entire case record," and build an accurate and logical bridge from the evidence to the ALJ's conclusion.  *Id*. at 386.  Thus, *Stoker* stands, in part, for the proposition that when objective evidence fails to support a claimant's statements, an ALJ must base his or her finding on the credibility of a claimant's statements on the entire case record and build an accurate logical bridge between the evidence and the ALJ's conclusion.  *Id.*

*Karin D. v. Kijakazi*
Civil No. GLS 20-3034
December 30, 2021
Page 5

In this case, at the first step, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 22). However, at the second step, the ALJ improperly discredited the Plaintiff's statements about the severity, persistence, and limiting effects of her symptoms, opining that her statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 22). This was erroneous for two reasons. First, in evaluating Plaintiff's symptoms, the ALJ focused almost exclusively on the medical records (e.g., x-rays, EMG testing) from 2017-2019, and rejected Plaintiff's hearing testimony and statements as being inconsistent with these objective records. (Tr. 23-24). Plaintiff, however, was "entitled to rely exclusively on subjective evidence" to prove the severity, persistence, and limiting effects of her symptoms. *See Arakas*, 983 F.3d at 96. Thus, the ALJ erred by "improperly increas[ing] her burden of proof by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Id*. Second, the ALJ considered the types of activities that Plaintiff could perform such as grocery shopping or standing and walking, however, failed to clearly explain how engaging in these activities demonstrated that Plaintiff could sustain an eight-hour workday performing light work. (Tr. 22-25). *See Arakas*, 983 F.3d at 99-100 ("An ALJ may not consider the type of activities a claimant can perform without also considering the extent to which she can perform them."); *see also Woods v. Berryhill,* 888 F.3d 686, 694 (4th Cir. 2018); *Stoker,* 833 Fed. App'x at 386 ("If the claimant has such a condition or impairment, then the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities."); *Brown v. Comm'r Soc. Sec. Admin.,* 873 F.3d 251, 269 (4th Cir. 2017) (ALJ's failure to explain how claimant engaging in activities of daily living showed that claimant could sustain a full-time job and perform the tasks required by light work required remand). In sum, because the ALJ did not clearly explain how engaging in daily activities undermined Plaintiff's subjective complaints that she could not work during an eight-hour period, the ALJ erred.

The SSA counters that *Arakas* is distinguishable from this case, and that the ALJ's reliance on objective evidence to discredit the Plaintiff's subjective statements was proper, because the Fourth Circuit's decision in *Arakas* was specific to subjective complaints regarding symptoms of fibromyalgia or other diseases with symptoms that are entirely subjective. (ECF No. 19-1, p. 12). In *Arakas*, the Fourth Circuit explained that the ALJ's requirement that the claimant substantiate her subjective complaints with objective medical evidence was "particularly pronounced in a case involving fibromyalgia—a disease whose "symptoms are entirely subjective." *Arakas*, 983 F.3d at 96. The Fourth Circuit did not, however, limit the holding of *Arakas* to cases involving diseases with symptoms that are entirely subjective. *Id.* at 98 ("We also reiterate the long-standing law in our circuit that disability claimants are entitled to rely exclusively on subjective evidence to prove the severity, persistence, and limiting effects of their symptoms.").

In sum, because the ALJ assessed Plaintiff's statements concerning the severity, persistence, and limiting effects of her symptoms by increasing her burden of proof by focusing only on objective medical evidence, I find that the ALJ's findings are inconsistent with SSR 16-3p and *Arakas*. On remand, the ALJ should provide a narrative discussion that explicitly addresses

*Karin D. v. Kijakazi*
Civil No. GLS 20-3034
December 30, 2021
Page 6

Plaintiff's subjective statements, and explains how the evidence supports her conclusions, providing an accurate and logical bridge from the evidence to any conclusion made. *See Thomas v. Berryhill,* 916 F.3d 307, 311 (4th Cir. 2019).

Because this case is being remanded on other grounds, the Court will not address Plaintiff's claim that the ALJ erroneously assessed Plaintiff's residual functional capacity and failed to appropriately assess Plaintiff's limitations. (ECF No. 14-1, pp. 3-15). On remand, however, the ALJ should address Plaintiff's other arguments related to her RFC.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 14-1), is **DENIED** and Defendant's Motion for Summary Judgment, (ECF No. 19-1), is **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART,** due to inadequate explanation. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

_____
/s/
The Honorable Gina L. Simms
United States Magistrate Judge